(December 17, 1894.)

## CUMMINGS v. CONE, CLERK.

[38 Pac. 650.]

SECTION 1554 OF THE REVISED STATUTES CONSTRUED.—Section 1554 of the Revised Statutes of Idaho authorizes the imposition of a fifty per cent penalty to be collected from the redemptioner upon the amount of tax and interest thereon, but not upon the costs and expenses.

(Syllabus by the court.)

ORIGINAL proceeding by writ of mandate.

E. O'Neill, for Defendant.

The statute is intended to provide for two things: 1. The redemption by the owner during the period of redemption at ten per cent interest while the county has simply a lien for taxes; and 2. It provides for the county selling the land back to the purchaser after it has obtained title by deed and become the owner in fact. In other words, after its lien has ripened into title. In the latter case in addition to the ten per cent interest possibly they intended to provide for a fifty per cent penalty. We think, however, that that clause is void for uncertainty, as tax laws are strictly construed and penalties are not favored. In the construction of tax laws doubts are to be construed in favor of the citizen. When penalties are inflicted, obscurity and doubt should be interpreted in favor of citizens. Every charge upon the subject must be expressed in clear and unambiguous language. (Cooley on Taxation, 2d ed., p. 266-268.)

Norman Buck, for Petitioner, files no brief.

MORGAN, J.—The plaintiff was on the second Monday of April, 1893, and since has been, the owner of lots 1, 2, and 3 in West addition to the town of Genesee, in Latah county, state of Idaho. On the said second Monday of April, 1893, this property was assessed for the year 1893, according to law, in the sum of eighteen dollars. The plaintiff did not pay the taxes, and they became delinquent. On the 7th day of February, 1894, said lots were duly sold for taxes, and bid in by Latah county, for the sum of nineteen dollars and twenty-two cents. The lots have never been redeemed, and the county now holds the same, subject to the right of Cummings to redeem. On the eighth day of October, 1894, plaintiff demanded of the defendant, as auditor, that he make a statement of the amount of taxes to be paid on said lots and the amount necessary to redeem the same from tax sale, and furnish him with a certificate thereof. Upon said demand, the auditor made such statement, and specified thereon, as the amount to be paid to the treasurer, the sum of twenty-six dollars and nine cents. It is claimed by the plaintiff that the amount that can lawfully be de-

manded for the redemption of said lots is twenty-two dollars and thirty-eight cents. The auditor refused to modify said statement, and an agreed case is presented to this court for a determination of the matter in issue between the parties. The claim of the auditor is that in addition to the ten per cent specified in section 1554 of the statute, to be paid as interest on the amount of taxes due on said lots at the time of sale, the sum of fifty per cent of said amount, as penalty, should also be paid before said lots could be redeemed. In this case it would seem only to be necessary to read the statute (section 1554) so far as it applies to the facts. The statute is substantially as follows: In all cases where real estate has been or may hereafter be sold for delinquent taxes, and the county has become the purchaser, and has not disposed of the same, the person whose estate has been sold or may hereafter be sold, or his heirs, executors, administrators, or other successors in interest, at any time after the time of purchase thereof by the county, and before the county has disposed of the same, has the right to redeem such real estate by paying to the county treasurer of the county within which the real estate is situated the amount of taxes due thereon at the time of said sale, with interest thereon at the rate of ten per cent per annum, and fifty per cent penalty thereon, and also all costs and expenses which may have accrued by reason of such delinquency and sale, and the costs and expenses of such redemption, as hereinafter specified; that is, the person desiring to redeem must pay the amount of taxes delinquent, ten per cent interest thereon, and a fifty per cent penalty upon both taxes and interest, for permitting such delinquency, and all costs and expenses of advertising and selling, and costs and expenses of redemption. The reason of the law would seem to be plain. It is necessary that the state and county should be able to collect the taxes, in order that the expenses of carrying on the government may be paid. If the delinquent could redeem his land from tax sale by simply paying the taxes and ten per cent interest thereon, a large amount of the taxes would go unpaid; but if, in addition to the interest, the owner is obliged to pay a penalty of fifty

per cent on the taxes and interest, the inducement to pay is so great that most persons will pay the amount before the land goes to sale. The language of the section is awkward and obscure. If the fifty per cent was intended to apply to costs and expenses of advertising and sale, the words "and fifty per cent penalty" should have been placed after the word "sale," in the third line from the bottom of the page. If it was intended that this penalty should apply to costs and expenses both of sale and redemption, the words should have been placed after the words "as hereinafter specified," in the second line from the bottom. We think the reasonable construction is as above stated. The auditor is directed to make the calculation in accordance with above opinion.

Huston, C. J., and Sullivan, J., concur.